**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 97-1428

United States of America,      *
                               *
              Appellee,        *
                               *  Appeal   from   the   United
States
       v.                      *  District Court for the
                               *  Southern District of Iowa.
Salvadore Ramon Sulanke,       *
                               *       NOT FOR PUBLICATION
                  Appellant.   *


Submitted: June 12, 1997

Filed: July 28, 1997


Before MURPHY, HEANEY and NORRIS,[1] Circuit Judges.

NORRIS, Circuit Judge.

Salvadore Sulanke appeals his convictions for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and one count of knowingly possessing a firearm that was not registered in the National Firearms Registry in violation of 26 U.S.C. § 5861(d).  Sulanke argues that the District Court erred in failing

---

[1]The Honorable William A. Norris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

to suppress evidence that was seized pursuant to a search warrant that was not supported by probable cause.  We affirm.

Two search warrants were issued on the day Sulanke was arrested.  The first warrant authorized a search of the warehouse at 108 Main Street for stolen property. The second warrant, obtained based on observations made by law enforcement officers while executing the first warrant, authorized a further search for firearms.  This subsequent search revealed the shotgun that formed the basis of Sulanke's convictions.  Sulanke attacks the legality of the first warrant and argues that the shotgun should have been suppressed as "fruit of the poisonous tree."

Deputy Wilkens arrested Sulanke in the vicinity of the Thiessen farm while responding to a report of a burglary in progress there.  Wilkens may well have had probable cause to believe that Sulanke was involved in that burglary.  However, the question is whether there was probable cause to believe that Sulanke was involved in the prior October 13, 1993 burglary at the Thiessen farm and, further, that Sulanke was storing the fruits of that burglary at the 108 Main Street warehouse.

In his affidavit, Wilkens swore that he found Sulanke near the Thiessen farm shortly after the second burglary was reported, and that Sulanke matched the description of the suspect in that burglary.  However, Sulanke's presence near the farm around the time of the second burglary is not probative of his involvement in the prior burglary.  A search of Sulanke's car revealed gloves, a

flashlight, tools, and various car parts.  Tools and car parts had been reported stolen in the prior burglary. However, there was no indication that the tools and car parts in Sulanke's car had been stolen from the Thiessen farm during the prior burglary.  Wilkens further swore that he suspected Sulanke had lied about entering the Thiessen machine shed, and that the same shed had been entered by the perpetrator of the prior burglary. Finally, Wilkens' affidavit reflected his knowledge that Sulanke had an extensive criminal history,

including convictions for burglary and receiving stolen property, and that Sulanke was not forthcoming about the fact that he resided in the 108 Main Street warehouse.

It is questionable whether these facts established probable cause to believe that Sulanke was storing the fruits of the 1993 burglary in his residence at 108 Main Street.  We need not resolve that issue, however, because the exclusionary rule does not apply if the facts supported an objectively reasonable, good-faith belief in the officers that they had probable cause.  United States v. Leon, 468 U.S. 897 (1984).  Suppression is inappropriate unless the affidavit was "so lacking in probable cause as to render official belief in its existence entirely unreasonable."  Id. at 923.  The court below held that the officers' belief that they had probable cause was not "entirely unreasonable." Reviewing that decision de novo, see United States v. Rugh, 968 F.2d 750, 753 (8th Cir. 1992), we agree with the District Court that there were sufficient indicia of probable cause in the affidavit to satisfy Leon.

The judgment of the District Court is AFFIRMED.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent.  Clearly there were insufficient facts to establish probable cause to believe that Sulanke was storing the fruits of the 1993 robbery in his residence at 108 Main Street;  thus, I agree with the majority on that score.

My difference is with their conclusion that Deputy

**4**

Wilken's affidavit, given more than four months after the 1993 robbery reflects an objective reasonable good faith belief that he had probable cause to search defendant's home.  It must be remembered that Deputy Wilkens prepared the affidavit, presented it to the magistrate, and then undertook the search.  Objective reasonable good faith is difficult to assert under those circumstances.  The only evidence before the district court that Deputy

Wilkens acted in good faith was his own testimony to such belief.

The majority also implied that Burt Tecklenburg, the officer that accompanied Wilkens to make the search, acted in good faith. There is no evidence in this record, however, to support Tecklenburg's good faith; he simply was with Wilkens when the warrant was executed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

**6**